# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| QT TRADING, LP, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:09-702 |
| § | |
| M/V SAGA MORUS, her engines, § | |
| tackle, boilers, etc., DAEWOO § | |
| LOGISTICS CORP.; ATTIC FOREST § | |
| AS; PATT, MANFIELD & CO. § | |
| LTD.; and SAGA FOREST CARRIERS § | |
| INTERNATIONAL AS, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Opposed Motion for Rehearing on Venue Issue and Motion for Severance of *In Rem* Cause of Action [Doc. # 54] ("Motion"). Defendants have moved to strike the Motion[1] and, subject to their motion to strike, have also filed a response.[2]

Plaintiff's Motion discusses many of the same facts and issues that were

---

[1] Motion to Strike Plaintiff's Motion to Transfer Venue, Motion to Extend Time and Motion to Sever [Doc. # 56].

[2] Defendants' Response to Plaintiff's Opposed Motion for Rehearing on its Motion to Transfer Venue [Doc. # 59].

covered by its previous motion to transfer venue,[3] which this Court denied on May 21, 2010.[4] For example, the Motion discusses Plaintiff's inability to serve the M/V SAGA MORUS with process in this judicial district, Plaintiff's seizure of the M/V SAGA MORUS in the Central District of California, and Plaintiff's request that it be permitted to transfer this action to the Central District of California. However, in response to the Court's recent Memorandum and Order denying transfer of venue, Plaintiff now has modified its request: "In deference to this Court's May 21, 2010 ruling, the Plaintiff is no longer asking this [C]ourt to transfer the *in personam* action, rather Plaintiff is asking the Court to extend the time for Plaintiff to perfect *in rem* service, to sever the *in rem* cause of action and transfer it alone to the Central District of California."[5] Plaintiff then requests that the Court "rehear its May 21, 2010 ruling."[6]

To the extent that Plaintiff is requesting that the Court reconsider its previous order denying transfer of venue, Plaintiff's motion fails. Plaintiff has cited the Court

---

[3] Motion to Transfer Venue to Central Venue to Central District of California to Perfect *In Rem* Jurisdiction over Vessel [Doc. # 30].

[4] Memorandum and Order [Doc. # 47] (denying transfer of venue under 28 U.S.C. § 1404(a) and § 1406(a)).

[5] Motion, at 1-2.

[6] *Id*. at 2.

to no authority or justification for reconsideration, in general or in this case. Motions for reconsideration generally are brought under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. A motion brought under Rule 59(e) is a motion to alter or amend a judgment, and requires a showing by the movant of either "a manifest error of law or fact" in the court's previous ruling, or "newly discovered evidence."[7] A motion pursuant to Rule 60(b) seeks relief from a court's judgment for reasons such as mistake, newly discovered evidence, or fraud.[8] Rule 60(b)(6), which permits relief for "any other reason justifying relief," is appropriate only in "extraordinary circumstances."[9] Plaintiff has made no argument or showing that reconsideration is warranted under Rules 59(e) or 60(b), and the Court perceives no grounds to do so. The Court accordingly denies the request.

---

[7] *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005); *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004); *In re TranstexasGas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). A Rule 59(e) motion is not a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478-79.

[8] Rule 60(b) provides six alternative grounds for relief from judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief. FED. R. CIV. P. 60(b).

[9] *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 642 (5th Cir. 2005).

To the extent that Plaintiff is requesting new relief that it failed to request in its previous motion to transfer venue, Plaintiff's motion also is unpersuasive. Rule 16(b) provides that, once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent."[10] A party seeking an extension must show "that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[11]

On August 26, 2009, this Court entered a Docket Control Order which set April 19, 2010 as the deadline for dispositive and non-dispositive motions.[12] Plaintiff's current motion was filed on June 1, 2010. Plaintiff has made no showing of "good cause" justifying an extension of the Court's motions deadline, and no good cause is apparent to the Court. The facts supporting Plaintiff's current motion had occurred before the motions deadline and, in fact, before Plaintiff filed its previous motion to transfer venue. In early March, 2010, Plaintiff filed suit against the M/V SAGA MORUS in the Central District of California and seized the vessel; soon thereafter, on March 9, 2010, Plaintiff filed its previous motion requesting transfer of venue of

---

[10] FED.R.CIV.P. 16(b)(4).

[11] *Marathon Financial Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009); *Fahim v. Marriott Hotel Services, Inc.*, 551 F.3d 344, 348 (5th Cir. 2008); *Brown v. Kastle Sys. of Tex., LLC*, 2009 WL 3100964, * 2 (S.D. Tex. Sept. 23, 2009) (Rosenthal, J.).

[12] Docket Control Order [Doc. # 18].

this action to the Central District of California. Although Plaintiff at that time could have sought severance and transfer of only the *in rem* action, Plaintiff instead requested transfer of this entire case. In fact, Plaintiff extensively briefed the question of whether the California court has jurisdiction over *in personam* Defendant Saga Forest.[13] Plaintiff has failed to show that, despite Plaintiff's diligence, the Court's motion deadline could not reasonably have been met.[14] Plaintiff's Motion is denied and is stricken to the extent that it seeks new relief not requested in its previous motion to transfer venue.[15]

In addition, Plaintiff has failed to serve the M/V SAGA MORUS within Rule 4(m)'s required 120-day time period.[16] Plaintiff has good cause for its failure to do so, because the vessel has not entered this judicial district since the case was filed.

---

[13] *See* Plaintiff's Reply to Defendants' Response to Plaintiff's Motion to Transfer Venue [Doc. # 32].

[14] *See* FED.R.CIV.P. 16(b)(4).

[15] Moreover, even if this Court were to grant Plaintiff the relief it seeks, the Court questions how such a ruling ultimately would benefit Plaintiff. Plaintiff's complaint in this action raises a claim under COGSA, and might be construed to bring causes of action for maritime negligence and bailment. In a recent Memorandum and Order [Doc. # 61], this Court granted summary judgment to the *in personam* Defendants on all three theories. Although the parties have not briefed the causes of action against the *in rem* Defendant, it is unclear to the Court how any of the three causes of action that failed against the *in personam* Defendants could succeed against the *in rem* Defendant.

[16] FED. R. CIV. P. 4(m).

Upon a showing of good cause, Rule 4(m) requires the Court to extend time for service "for an appropriate period." However, all of Plaintiff's other claims in this suit have been resolved by the Court.[17] Moreover, Plaintiff never requested that this Court hold service in abeyance.[18]

It is therefore

**ORDERED** that Plaintiff's Opposed Motion for Rehearing on Venue Issue and Motion for Severance of *In Rem* Cause of Action [Doc. # 54] is **DENIED**. It is further

**ORDERED** that Defendants' Motion to Strike Plaintiff's Motion to Transfer Venue, Motion to Extend Time and Motion to Sever [Doc. # 56] is **GRANTED**. It is further

**ORDERED** that Plaintiff is to **SHOW CAUSE** on or before **June 29, 2010** why M/V SAGA MORUS should not be dismissed without prejudice from this action pursuant to Federal Rule of Civil Procedure 4(m).

SIGNED at Houston, Texas, this 22nd day of **June, 2010**.

*Nancy F. Atlas*
United States District Judge

---

[17] Memorandum and Order [Doc. # 61].

[18] Supplemental Admiralty and Maritime Claims Rule E(3)(b) ("Issuance and delivery of process in rem, or of maritime attachment and garnishment, shall be held in abeyance if the plaintiff so requests.").