# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| QT TRADING, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:09-702 |
| | § | |
| M/V SAGA MORUS, her engines, | § | |
| tackle, boilers, etc., DAEWOO | § | |
| LOGISTICS CORP.; ATTIC FOREST | § | |
| AS; PATT, MANFIELD & CO. | § | |
| LTD.; and SAGA FOREST CARRIERS | § | |
| INTERNATIONAL AS, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

On June 22, 2010, this Court ordered Plaintiff to show cause why *in rem* Defendant M/V SAGA MORUS should not be dismissed without prejudice from this action pursuant to Federal Rule of Civil Procedure 4(m).[1] Plaintiff responded to the Court's order, and Defendants replied.[2]

Rule 4(m) provides as follows:

---

[1]  Memorandum and Order [Doc. # 63].

[2]  Plaintiff's Response to Court's Order to Show Cause Why the *In Rem* Proceeding Should Not Be Dismissed [Doc. # 66]; Defendants' Reply to Plaintiff's Response to This Court's Show Cause Order [Doc. # 67].

> **Time Limit for Service**. If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[3]

Plaintiff argues that, because good cause exists for its failure to serve M/V SAGA MORUS in this judicial district, an extension of time is warranted under the Rule even though all claims against the *in personam* Defendants now have been dismissed. In particular, Plaintiff argues that because the one-year statute of limitations would prevent it from refiling its claim against the *in rem* Defendant, a dismissal pursuant to Rule 4(m) would amount to a dismissal with prejudice, leaving Plaintiff with no legal remedy.[4] Plaintiff therefore requests "an extension of time for perfection of service *in rem*," which it then acknowledges "was obtained on March 2, 2010" in California.[5] Plaintiff also, for the third time, requests transfer of the *in rem* action to

---

[3] FED. R. CIV. P. 4(m).

[4] Response, at 3 (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1338-39 (11th Cir. 2005)). In the *Betty K* case, the district court had dismissed a case with prejudice because of, *inter alia*, Plaintiff's failure to serve the *in rem* defendant. The Eleventh Circuit reversed, holding that the proper sanction for failure to complete service is dismissal without prejudice under Rule 4(m). *Betty K Agencies*, 432 F.3d at 1341-42 & n.5.

[5] Response, at 6.

the Central District of California.[6]

As Plaintiff points out, perfection of service *in rem* was obtained in California. Suit was filed in the Central District of California on March 1, 2010, the Court entered an order to issue a warrant of arrest, and the vessel was arrested and released.[7] In consideration for release of the vessel and for Plaintiff's "agreement to refrain from re-arresting or attaching the Vessel or arresting, attaching or otherwise detaining any other vessel, asset, or property belonging to the owners of the Vessel in connection with [Plaintiff's] claim," security was posted for the alleged cargo damage.[8]

Because security has been posted for the vessel, the lien against the vessel has been discharged, and the lien is transferred to the security, *i.e.*, Letter of Undertaking. According to clear case authority, as well as by the text of the Letter of Undertaking itself, set forth above, Plaintiff cannot arrest the vessel again on the same claim. As stated recently by the Third Circuit:

> Generally, once a [letter of undertaking] is issued, the letter becomes a complete substitute for the res and the maritime lien transfers from the vessel to the [letter of undertaking]. . . . As stated in The Law of Admiralty: "With respect to a lien in suit the effect of release is to

---

[6]   *Id.* Plaintiff previously filed a motion to transfer to the Central District of California, *see* Doc. # 30, which was denied by this Court. *See* Doc. # 47. Plaintiff then filed a second motion seeking transfer, *see* Doc # 54, which also was denied. *See* Doc. # 63.

[7]   *See* Exhibits 2, 3, and 4 to Plaintiff's Opposed Motion to Transfer Venue to Central District of California to Perfect In Rem Jurisdiction over Vessel [Doc. # 30].

[8]   Letter of Undertaking (Exhibit 4 to Doc. # 30).

transfer the lien from the ship to the fund represented by the bond or stipulation. The lien against the ship is discharged for all purposes and the ship cannot again be libeled in rem for the same claim."[9]

Therefore, even if M/V SAGA MORUS were to enter this judicial district, it could not be re-arrested.  The maritime lien for Plaintiff's claim has transferred to the Letter of Undertaking issued in connection of the California action.

Because there can be no service of process on M/V SAGA MORUS in this judicial district for the claim of cargo damage in the instant lawsuit, no basis exists under Rule 4(m) to extend service of process.

It is therefore

**ORDERED** that *in rem* Defendant M/V SAGA MORUS is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 4(m).

SIGNED at Houston, Texas, this 12th day of **July, 2010**.

Nancy F. Atlas
United States District Judge

---

[9] *Petroleos Mexicanos Refinacion v. M/T KING A*, 554 F.3d 99, 104 (3d Cir. 2009) (citing Grant Gilmore & Charles L. Black, Jr., THE LAW OF ADMIRALTY § 9-89, at 799 (2d ed. 1975) (footnote omitted by *Petroleos*)) (other internal citations omitted). *See Betty K Agencies,* 432 F.3d at 1343 ("The effect of posting the release was to transfer the lien from the ship to the fund the security represented. The lien against the ship was discharged for all purposes and the ship cannot again be liable in rem for the same claim.") (internal citations, quotation marks, and alterations omitted); *Ventura Packers, Inc. v. F/V JEANINE KATHLEEN*, 424 F.3d 852, 859 (9th Cir. 2005); *Moore v. M/V ANGELA*, 353 F.3d 376, 377 (5th Cir. 2003).